UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EARL MCBEE, )<br>)<br>Defendant. ) | No.: 3:07-CR-63<br>(VARLAN/GUYTON) |

## **MEMORANDUM OPINION AND ORDER**

The defendant, Earl McBee, is charged with one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). This criminal case is before the Court on the defendant's Motion to Dismiss [Doc. 17]. The defendant moves the Court to dismiss the indictment against him for lack of jurisdiction. Specifically, defendant contends that defendant's alleged conduct does not affect interstate commerce, thus there can be no federal question jurisdiction. Defendant further argues that the statute in question, 18 U.S.C. § 922(g), is unconstitutional because it exceeds the authority granted to Congress under the Commerce Clause of the United States Constitution. Chambers has been informed telephonically that the government does not intend to file a response to the pending motion, and thus the matter is ripe for adjudication.

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure, which permits pretrial consideration of any defense "the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Generally, a defense can be

determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). Accordingly, the defense may use a Rule 12(b) motion to raise for consideration such matters as "former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction." *Id*. (quoting *United States v. Smith*, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989)). In considering such motions, a trial court may "ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." *Craft*, 105 F.3d at 1126.

Defendant contends that recent United States Supreme Court jurisprudence reflects a growing trend limiting Congress's power under the Commerce Clause. Defendant cites to several recent Commerce Clauses cases, including: *Solid Waste Agency of North Cook Co. v. United States Army Corps of Engineers*, 531 U.S. 159 (2001) (declaring a federal regulation unconstitutional as applied in that particular case); *United States v. Morrison*, 529 U.S. 598 (2000) (invalidating the Violence Against Women Act, 42 U.S.C. § 13981); *United States v. Jones*, 529 U.S. 848 (2000) (holding that the Commerce Clause did not allow a federal arson statute to apply to a residence used for no commercial purpose); *United States v. Lopez*, 514 U.S. 549 (1995) (invalidating the Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q)(1)(A)).

Defendant concedes that, despite recent Commerce Clause jurisprudence, the United States Supreme Court has ruled in the past that, with respect to the instant statute, proof that

a possessed firearm had, at some point in the past, traveled through interstate commerce was sufficient to satisfy the required nexus between possession and commerce. *Scarborough v. United States*, 431 U.S. 563 (1977). Defendant also concedes that *Scarborough* has never been formally reversed and, thus, remains good law. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent.").

Therefore, the Court finds that under existing United States Supreme Court precedent, the government can meet the required Commerce Clause nexus by showing that the possessed firearm has, at some point in the past, traveled through interstate commerce. *Scarborough*, 431 U.S. at 566-67. Accordingly, defendant's motion [Doc.17] is **DENIED**. In making this ruling, the Court is in no way weighing the evidence or otherwise making a factual determination. The government still bears the burden of proving all of the necessary elements of 18 U.S.C. § 922(g)(1) at trial.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE